1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENIFER NOHELIA HERNANDEZ LOPEZ,<br><br>   Petitioner,<br><br>   v.<br><br>SERGIO ALBARRAN, et al.,<br><br>   Respondents. | No. 1:25-cv-01890-DAD-SCR (HC)<br><br>ORDER GRANTING PETITIONER'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 2) |

This matter is before the court on petitioner's *ex parte* motion for temporary restraining order filed on December 16, 2025. (Doc. No. 2.) For the reasons explained below, the court will grant petitioner's *ex parte* motion for temporary restraining order.

**BACKGROUND**

On December 16, 2025, petitioner Jenifer Nohelia Hernandez Lopez filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging her detention by the United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Petitioner asserts the following two claims in that petition: (1) deprivation of substantive due process as a result of her detention in violation of the Fifth Amendment; and (2) deprivation of procedural due process as a result of her detention in violation of the Fifth Amendment. (*Id.* at ¶¶ 58–64.) In support of the

/////

1

1   pending motion for temporary restraining order, petitioner has provided evidence of the following
2   facts based on information and belief.

3   Petitioner fled Honduras in June 2023.  (Doc. No. 2-3 at ¶¶ 4–5.)  She was paroled into the
4   United States shortly after being detained at the border.  (*Id.* at ¶ 4.)  Petitioner has complied with
5   the requirements and conditions of her release, including appearing for in-person and
6   photographic check-ins.  (*Id.* at ¶ 6.)  Petitioner has not been arrested for or convicted of a crime
7   since her release.  (*Id.*)  On December 8, 2025, petitioner was re-detained when she appeared for
8   an in-person check in at the San Jose ICE Office.  (Doc. No. 2-2 at ¶ 3.)  Petitioner was re-
9   detained without written notice of the reason for her re-detention.  (Doc. No. 2-3 at ¶ 7.)  In her
10  habeas petition, petitioner alleges that she was paroled into the United States pursuant to 8 U.S.C.
11  § 1226(a) and that she intends to apply for asylum at her next hearing in immigration court on
12  October 25, 2027.  (Doc. No. 1 at ¶¶ 33, 35.)

13  On December 16, 2025, petitioner filed the pending motion for temporary restraining
14  order.  (Doc. No. 2.)  In that motion, petitioner requests that the court order her immediate release
15  from custody and enjoin respondents from re-detaining her without a hearing before a neutral
16  adjudicator.[1]  (Doc. No. 2-1 at 2–3.)  On December 17, 2025, the court directed petitioner's
17  counsel to serve respondents with a copy of the petition, the motion for temporary restraining
18  order, and accompanying papers, and set a briefing schedule on the pending motion.  (Doc. No.
19  5.)  On December 18, 2025, respondents filed their opposition.  (Doc. No. 9.)
20  /////

---

[1] Petitioner also requests an order prohibiting the government from transferring her out of this district or removing her from the country in order to preserve the court's jurisdiction.  (Doc. No. 2-1 at 3.)  The court need not make an order preserving its jurisdiction because habeas petitions are properly heard in the district where the petitioner was detained when the petition was filed.  *See Y.G.H. v. Trump*, 787 F. Supp. 3d 1097, 1105 (E.D. Cal. 2025).  Petitioner does not provide argument regarding the court's authority to enjoin removal proceedings.  (Doc. No. 2-1.)  It does not appear to the court that petitioner is currently subject to a final removal order and the court cannot enjoin ongoing removal proceedings.  *See Maxwell v. Nielsen*, No. 2:14-cv-02772-TLN-AC (PS), 2018 WL 6304886, at *7 (E.D. Cal. Dec. 3, 2018) ("[T]he district court lacks authority to intervene in ongoing removal proceedings."), *report and recommendation adopted in part sub nom.*, *Maxwell v. Holder*, 2018 WL 6831133 (E.D. Cal. Dec. 28, 2018).  Accordingly, the court will deny without prejudice petitioner's request for an order restraining respondents from transferring her out of this district or removing her from the country.

**LEGAL STANDARD**

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (citation omitted). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief."). Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

The likelihood of success on the merits is the most important *Winter* factor. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Plaintiff bears the burden of demonstrating a likelihood of success on the merits of the claims presented or, at the very least, that "serious questions going to the merits were raised." *All. for Wild Rockies*, 632 F.3d at 1131.

/////

**DISCUSSION**

**A.     Likelihood of Success on the Merits**

Petitioner argues that she is likely to prevail on her claim that her re-detention on December 8, 2025, was unlawful because procedural due process requires that she be provided notice and an opportunity to be heard prior to any re-detention, and because substantive due process requires a finding that she poses either a danger to the community or a flight risk to justify her re-detention.  (Doc. No. 2-1 at 6, 12.)  Respondents argue in essence that petitioner can be re-detained at any time, for any reason.  (Doc. No. 9 at 2.)  Respondents also argue, without supporting citation to any authority, that petitioner's failure to apply for asylum within the one-year time limit is a change in circumstances that justifies her re-detention.  (Doc. No. 9 at 2–3.)  Respondents appear to concede that petitioner was originally released pursuant to 8 U.S.C. § 1226(a).  (Doc. No. 9 at 2.)

In setting the briefing schedule for the pending motion for a temporary restraining order, the court specifically directed respondents to substantively address whether any provision of law or fact in this case would distinguish it from that which was the subject of this court's decision in *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), and other similar cases previously decided by this court.[2]  (Doc. No. 5.)  Respondents complain that petitioner's failure to provide her A-number in her petition made it challenging to compare the instant facts with those addressed in *Perez* but do not ask for any relief in this regard, such as additional time to respond.  (Doc. No. 9 at 1–2 n.2.)  In any event, respondents do not address whether any facts or provision of law distinguishes this case from *Perez*.  The court will construe respondents' non-responsiveness to the court's specific inquiry as a concession that the present matter and *Perez* are not substantively distinguishable on this point.  Thus, the court will incorporate and adopt the reasoning set forth in that order with respect to petitioner's likelihood of success on the merits of her Fifth Amendment claim under the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  Accordingly, the court concludes that petitioner has satisfied

---

[2]  As in this case, in *Perez* the undersigned addressed the procedural due process right that a non-citizen detainee possesses when they are released from custody pursuant to § 1226(a).

4

1  her burden of establishing likelihood of success on the merits as to the first and third *Mathews*
2  factors.

3        The only argument the court did not address in *Perez* that respondents advance here is
4  whether petitioner's alleged failure to timely apply for asylum constitutes a change in
5  circumstances justifying her re-detention without notice and a pre-detention hearing before a
6  neutral adjudicator. Whether respondents make an adequate showing of changed circumstances
7  may affect the weight of the second *Mathews* factor, the risk of erroneous deprivation. *See, e.g.,*
8  *Salcedo Aceros v. Kaiser*, No. 25-cv-06924-EMC, 2025 WL 2637503, at *12 (N.D. Cal. Sept. 12,
9  2025) (finding that the petitioner's risk of erroneous deprivation was high because a bond hearing
10 would likely reveal that the petitioner still presented no public safety or flight risk); *Pinchi v.*
11 *Noem*, No. 25-cv-05632-RMI-RFL, 2025 WL 1853763, at *2 (N.D. Cal. July 4, 2025) (finding a
12 risk of erroneous deprivation without a bond hearing pre-detention where the petitioner was re-
13 detained after having been released on her own recognizance at the border by immigration
14 officials).

15       According to respondents, petitioner's time to apply for asylum expired in June 2024.
16 (Doc. No. 9 at 2.) Yet petitioner remained on conditional parole pursuant to § 1226(a) until her
17 re-detention in December 2025, one and a half years later, during which time petitioner continued
18 to report to ICE as required by the conditions of her parole. (Doc. Nos. 2-1 at 4; 2-3 at ¶ 6.) The
19 court is unconvinced that petitioner's alleged failure to timely apply for asylum constitutes a
20 change in circumstances justifying her re-detention. *See Hernandez v. Lyons*, No. 2:25-cv-05376-
21 FWS-AGR (HC), 2025 WL 3191822, at *5 (C.D. Cal. June 18, 2025) (holding that an
22 immigration judge's determination that the petitioner was not eligible for asylum or withholding
23 of removal, but was eligible for Convention Against Torture ("CAT") relief was "not the sort of
24 changed circumstance that courts generally find sufficient to justify rearrest"); *see also Doe v.*
25 *Chestnut*, No. 1:25-cv-01372-CDB (HC), 2025 WL 3295154, at *2, *9 (E.D. Cal. Nov. 26, 2025)
26 (holding that the respondents did not articulate changed circumstances despite the fact that the
27 petitioner's second stay of removal application was denied about one month before his re-
28 detention). Therefore, the court concludes that consideration of the second *Mathews* factor also

1  weighs in favor of granting petitioner's motion for a temporary restraining order.

2  Accordingly, the court concludes that petitioner has established that she is likely to
3  succeed on the merits of her procedural due process claim. In light of that conclusion, the court
4  need not address petitioner's remaining claim at this time. *All. For Wild Rockies*, 632 F.3d at
5  1139 (declining to address remaining claims after finding that the plaintiff established that there
6  were serious questions going to the merits of one claim).

7  **B.    Irreparable Harm, Balance of Equities, and Public Interest**

8  The court has also previously analyzed the remaining *Winter* factors under substantially
9  similar circumstances, specifically regarding improper re-detention and the ongoing harm
10 stemming from a petitioner's unlawful detention. *See Perez*, 2025 WL 3187578, at *4. The court
11 incorporates by reference that analysis and finds that consideration of the remaining *Winter*
12 factors also weighs in favor of granting petitioner's motion for a temporary restraining order.

13 **C.    Status Quo**

14 "The status quo *ante litem* is the last uncontested status which preceded the pending
15 controversy." *Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *7 (E.D. Cal.
16 July 16, 2025) (internal quotation marks and brackets omitted) (quoting *GoTo.com, Inc. v. Walt*
17 *Disney, Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000)). "A TRO immediately releasing Petitioner is
18 appropriate to return [her] to the status quo. . . . That is the moment prior to Petitioner's likely
19 illegal detention." *Larios v. Albarran*, No. 25-cv-08799-AMO, 2025 WL 2939223, at *3 (N.D.
20 Cal. Oct. 16, 2025). Accordingly, the court concludes that the immediate release of petitioner on
21 the same conditions that governed her release prior to her detention on December 8, 2025, is
22 necessary in order to restore the status quo.

23 **CONCLUSION**

24 For the reasons set forth above,

25 1.   Petitioner's motion for a temporary restraining order (Doc. No. 2) is GRANTED
26      in part as follows:

27 /////

28 /////

6

      a. Respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions that governed her release immediately prior to her detention on December 8, 2025;

      b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before a neutral adjudicator;

      c. Petitioner's request for a temporary restraining order enjoining respondents from removing her is DENIED without prejudice to a renewed and properly supported motion for temporary restraining order should such a request become ripe; and

2. The parties are directed to meet and confer and, if possible, submit a joint proposed briefing schedule and hearing date with respect to any motion for a preliminary injunction no later than fourteen (14) days from the date of entry of this order; and

3. Under the circumstances of this case, petitioner will not be required to post bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   **December 19, 2025**

                                DALE A. DROZD
                                UNITED STATES DISTRICT JUDGE